UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| BRYAN PERRY NELSON COVINGTON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BLEDSOE COUNTY CORRECTIONS, ) <br> ARIEL VAZQUEZ, TENNESSEE ) <br> DEPARTMENT OF CORRECTIONS, ) <br> DARREN SETTLES, and WILL ) <br> SARRELL, ) <br> ) <br> Defendants. ) | No.: 2:17-CV-110-HSM-MCLC |

## **MEMORANDUM AND ORDER**

The Court is in receipt of a complaint pursuant to 42 U.S.C. § 1983 filed by Bryan Perry Nelson Covington ("Plaintiff") [Doc. 2]. In addition to the complaint, Plaintiff filed a motion for leave to proceed *in forma pauperis* [Doc. 1]. This Court entered a Notice of Deficiency advising Plaintiff "to pay the full filing fee or to submit the required documents" in order to proceed *in forma pauperis* [Doc. 3 at 2]. In compliance with the Court order, Plaintiff filed a notarized certificate of his inmate trust fund account showing that he has the sum of $ 0.19 on account to his credit [Doc. 4 p. 2]. Based on the financial date provided, it appears that Plaintiff lacks the sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, Plaintiff's motion to leave to proceed *in forma pauperis* is **GRANTED**. Nonetheless, because Plaintiff is a prisoner, he is **ASSESSED** the filing fee of three hundred and fifty dollars ($350). *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). The custodian of Plaintiff's inmate trust account at the institution

where he now resides shall submit, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the trust account custodian shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350 has been paid to the Clerk's Office. *McGore,* 114 F.3d at 607.

Payments should be sent to: <u>Clerk, USDC; 220 W. Depot St., Suite 200; Greeneville, TN 37743</u>. To ensure compliance with the fee-collection procedure, the Clerk is **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Clerk is also **DIRECTED** to furnish a copy of this order to the Court's financial deputy. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

**I.     SCREENING REQUIREMENT**

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss those that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.*, *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).

In screening this complaint, the Court bears in mind that pro se pleadings filed in civil rights cases must be liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, the pleading must be sufficient "to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 570 (2007), which simply means that the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

The "facial plausibility" standard does not require "detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. at 678 (citations and internal quotation marks omitted). The standard articulated in *Twombly* and *Iqbal* "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

## II.     PLAINTIFF'S ALLEGATIONS

Plaintiff contends that, while incarcerated at Bledsoe County Corrections Complex ("BCCX"), he was denied the right to practice his religion [Doc. 2 p. 4]. Plaintiff claims that he is Muslim and in June 2017 participated in the month of Ramadan in accordance with his religious beliefs [*Id*.]. Plaintiff explains that Ramadan "is a month where [M]uslims fast . . . from sun up until sun down" and after fasting for thirty days "all the [M]uslims of the compound are entitled to a feast where people (Muslims) come in from outside the prison and cook food . . . and pray" [*Id*.]. Plaintiff asserts that Bledsoe County Corrections, Ariel Vazquez, Tennessee Department of Correction ("TDOC"), Darren Settles, and Will Sarrell (Collectively "Defendants") would not allow Plaintiff or any other Muslim at BCCX to have a feast or allow outside Muslims in to the jail to cook or pray [*Id*.]. Plaintiff argues that the Ramadan feast is a very important part of his religion and that Defendants' actions violated his right to practice his religion [*Id*.].

## III.    ANALYSIS

To state a claim under 42 U.S.C. § 1983, Plaintiff must establish that she was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brian v. City of grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere."). In other words, the plaintiff must plead facts sufficient to show: (1) the deprivation of a right, privilege, or immunity secured to him by the United States Constitution or other federal law; and (2) that the individual responsible for such deprivation was acting under color of state law. *Gregory v. Shelby Cty.*, 220 F.3d 433, 441 (6th Cir. 2000). Here, Plaintiff's allegations appear to argue a constitutional violation under the First Amendment and/or the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). 42 U.S.C. § 2000cc-5(a).

The First Amendment provides in pertinent part: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof." While incarcerated, prisoners retain certain constitutional rights, including the right to exercise their religious beliefs. *Cruz v. Beto*, 405 U.S. 319 (1972); *Thompson v. Kentucky*, 712 F.2d 1078, 1080 (6th Cir. 1983). A prisoner has an absolute right to *hold* a religious belief, *McDaniel v. Paty*, 435 U.S. 618, 643 (1978) (italics added), but this does not mean that his right to *exercise* religious beliefs is not subject to reasonable restrictions and limitations by prison officials. *Turner v. Safley*, 482 U.S. 78, 88 93 (1987) (holding that prison regulations which invade an inmate's constitutional rights are valid so long as they are "reasonably related to legitimate penological interests").

To state a claim under RLUIPA, a prisoner must show that the relevant religious practice "is grounded in a sincerely held religious belief" and that the challenged policy "substantially

burdened that exercise of religion." *Holt v. Hobbs*, 135 S.Ct. 853, 862 (2015). Thus, RLUIPA protects a prisoner from the imposition of a substantial burden on his religious exercise, such as when a policy places "substantial pressure on an adherent to modify his behavior and to violate his beliefs," but it does not prohibit a policy, which merely "makes the practice of one's religion more difficult or expensive." *Episcopal Student Foundation v. City of Ann Arbor*, 341 F.Supp. 2d 691, 702 (E.D. Mich. 2004).

At this point in these proceedings, the Court does not find the allegation concerning Defendants' refusal to allow Plaintiff to participate in the Ramadan feast is frivolous or malicious and cannot say that they do not state a claim which would entitle Plaintiff to relief under § 1983. Thus, this claim may advance.

## IV.    CONCLUSION

Based on the foregoing, the Court finds that Plaintiff's contention that Defendants refused him the right to practice his religion may proceed in this action. Accordingly, the Clerk is **DIRECTED** to send Plaintiff service packets (a blank summons and USM 285 form) for each Defendant. Plaintiff is **ORDERED** to complete the service packets and return them to the Clerk's Office within twenty (20) days of the date of this Order. At that time, the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service. Fed. R. Civ. P. 4. Plaintiff is forewarned that failure to return the completed service packets within the time required could jeopardize his prosecution of this action.

Defendants **SHALL** answer or otherwise respond to the complaint within twenty (20) days from the date of service.

Finally, Plaintiff **SHALL** promptly notify the Court of any address changes and he is **ADVISED** that his failure so to do, within fourteen (14) days of any such change, will result in

the dismissal of this lawsuit for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.

**SO ORDERED.**

    */s/ Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE